IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br>v.<br><br>JACQUILINE JEAN RANDALL,<br><br>                         Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [52] MOTION FOR EARLY TERMINATION**<br><br>Case No. 1:12-cr-00071-DN<br><br>District Judge David Nuffer |

Defendant Jacquiline Jean Randall filed a motion requesting early termination of her supervised release ("Motion").[1] Ms. Randall pleaded guilty to the following charge: Possession with Intent to Distribute 50 Grams or More of a Mixture Containing Methamphetamine.[2] She was sentenced to 87 months of incarceration and 48 months of supervised release.[3] Ms. Randall has served the period of incarceration imposed and has completed over 12 months of supervised release.[4]

In response to the Motion, the U.S. Probation Officer submitted a Report on Offender Under Supervision ("Report").[5] The Probation Officer indicates that Ms. Randall has been compliant with the terms of her supervised release[6] and meets the criteria for early termination

---

[1] Docket no. 52, filed Mar. 22, 2019.

[2] Amended Judgment in a Criminal Case, docket no. 50, entered Sept. 16, 2013.

[3] *Id*.

[4] Ms. Randall's supervision began on March 7, 2018. *See* Report on Offender Under Supervision, docket no. 53. Ms. Randall's regularly scheduled expiration date is March 6, 2022.

[5] *Id*

[6] Report on Offender Under Supervision ("Report"), docket no. 53, filed Mar. 29, 2019.

endorsed by the Judicial Conference.⁷ The Probation Officer further states that Ms. Randall "has demonstrated that she is heading in a positive direction in life with little oversight from the probation office."⁸ Based on Ms. Randall's performance on supervised release and the Probation Officer's Report, the United States does not oppose early termination.⁹

Under 18 U.S.C. § 3583(e)(1), the court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."¹⁰ The factors to consider in evaluating early termination of supervised release include several of the factors considered in imposing a sentence:

- the nature and circumstances of the offense and the history and characteristics of the defendant;¹¹

- the need for the sentence imposed to afford adequate deterrence to criminal conduct;¹²

- the need for the sentence imposed to protect the public from further crimes of the defendant;¹³

- the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;¹⁴

---

⁷ These factors include the following: (1) stable community reintegration; (2) progressive strides toward supervision objectives and in compliance with all conditions of supervision; (3) no aggravated role in the offense of conviction, particularly large drug or fraud offenses; (4) no history of violence; (5) no recent arrests or convictions; (6) no recent evidence of alcohol or drug abuse; (7) no recent psychiatric episodes; (8) no identifiable risk to the safety of any identifiable victim; and (9) no identifiable risk to public safety. Guide to Judiciary Policy, Vol. 8, Part E, Ch. 3 § 380.10 (Monograph 109).

⁸ Report, docket no. 53.

⁹ United States' Response to Motion for Early Termination of Supervised Release, docket no. 55, filed Apr. 5, 2019.

¹⁰ 18 U.S.C. § 3583(e)(1).

¹¹ *Id.* (cross referencing 18 U.S.C. § 3553(a)(1)).

¹² *Id.* (cross referencing 18 U.S.C. § 3553(a)(2)(B)).

¹³ *Id.* (cross referencing 18 U.S.C. § 3553(a)(2)(C)).

¹⁴ *Id.* (cross referencing 18 U.S.C. § 3553(a)(2)(D)).

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;[15] and
- the need to provide restitution to any victims of the offense.[16]

In her Motion, Ms. Randall indicates that she has made a "new start" in life without drugs. Her actions while on supervised release support this statement and confirm that Ms. Randall has made commendable progress. She is employed full time, has maintained stable family relationships, and has completed treatment and remained drug free.[17] Therefore, additional supervision does not appear necessary in order to ensure adequate deterrence to criminal conduct, protect the public from further crimes, or promote Ms. Randall's continued success. There are no victims of the offense requiring restitution. And, continued supervision is not needed to provide Ms. Randall with any training, medical care or other correctional treatment. The primary factor against early termination is the need to avoid unwarranted sentence disparities. Ms. Randall committed a serious crime that carried a 48 month minimum mandatory term of supervised release.[18] However, after considering the other factors supporting early termination and Ms. Randall's conduct, early termination is warranted and in the interest of justice.

---

[15] *Id.* (cross referencing 18 U.S.C. § 3553(a)(6)).

[16] *Id.* (cross referencing 18 U.S.C. § 3553(a)(7)).

[17] Motion, docket no. 52; Report on Offender under Supervision, docket no. 53.

[18] 21 U.S.C. § 841(b)(1)(B); U.S.S.G. § 5D1.2(c).

THEREFORE, IT IS HEREBY ORDERED that the Motion[19] is GRANTED.

IT IS FURTHER ORDERED that Ms. Randall be discharged from supervision and that the proceedings in this case be terminated.

Dated April 9, 2019.

BY THE COURT:

David Nuffer
United States District Judge

---

[19] Docket no. 52.